UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL ALLEN DUSHARME**          **CIVIL ACTION NO. 11-86-LC**

                                    **SECTION P**
**VERSUS**
                                    **JUDGE MINALDI**

**ROBERT LEO WOODCROFT, ET AL**    **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on January 3, 2011, by *pro se* plaintiff Michael Allen Dusharme.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.  Plaintiff names Richard Leo Woodcroft and Vicki Woodcroft as defendants herein.  Richard Leo Woodcroft is listed as a physician's assistant at Gulf Coast Health Center, Orange Texas, and Vicki Woodcroft is listed as a federal corrections officer at Beaumont Federal Correctional Facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *STATEMENT OF THE CASE*

Plaintiff claims that in February 2009, he and the defendants entered into a verbal agreement wherein defendants would take care of plaintiff's vehicle and other property (located in Texas) in the event that something happened to plaintiff. Doc. 1.  An affidavit was later executed detailing the agreement.  *Id*.  In May 2009, another affidavit was executed allowing

defendants to retrieve plaintiff's vehicle from a wrecker service in Louisiana. *Id*. Plaintiff claims that defendants informed him that his car was safely parked in their yard and that his clothes and other belongings would be gathered and stored in a building in defendants' backyard. *Id*. Plaintiff was also told that big items such as appliances and furniture would be sold and the proceeds saved for plaintiff. *Id*.

It appears that plaintiff's belongings were not returned to him. As a result, he seeks monetary damages as well as the return or replacement of his vehicle and other belongings. *Id.*

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  *See also*, *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ].").  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint presents the best case which could be presented by plaintiff under the circumstances.  Thus, the court is convinced that further amendment of the pleadings would

serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that his complaint should be dismissed.

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). *See also*, *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978) ("In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law).[1]

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

In the present case, Richard Leo Woodcroft is certainly not a "state actor" as defined

---

[1] Plaintiff's claims against Vicki Woodcroft, a federal corrections officer, would ostensibly fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. The Fifth Circuit does not distinguish between *Bivens* and § 1983 claims. *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir.2005).

above.  Furthermore, while Vicki Woodcroft might be a "federal actor" she was certainly not acting under the color of federal law when she and her husband entered into the agreements at issue in this case.  Consequently, plaintiff's claims lack an arguable basis in law and are therefore frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

    2.    ***Lack of Venue***

Even if plaintiff's allegations did state a claim upon which relief could be granted, the suit would still be subject to dismissal on the grounds of improper venue.  In this case, venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b).  *Stafford v. Briggs*, 444 U.S. 527, 544, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980).  Title 28 U.S.C. § 1391(b) permits venue only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. It appears from the face of the pleadings that neither of the defendants reside in the Western District of Louisiana nor did the events giving rise to the claim occur in this district.  Doc. 1, p. 3-4.

Likewise, the Civil Rights Act, 42 U.S.C. § 1981, et seq., under which this case is brought, does not contain a specific venue provision, and venue in civil rights cases is controlled by 28 U.S.C. § 1391.  *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir.1973).  When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.  Again, plaintiff complains of incidents which occurred in Texas, and the defendants are located in Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). As plaintiff's claims fail to state a claim upon which relief can be granted, the interests of justice do not warrant transfer of this matter.

## *CONCLUSION*

Therefore, **IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for having been filed in a court of improper venue. **IN THE ALTERNATIVE, IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 8th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE